**Amended Abatement Order filed October 27, 2016.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00660-CV
_____

### IN RE MICHELIN NORTH AMERICA, INC., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-57952**

---

### AMENDED ABATEMENT ORDER

Relator Michelin North America, Inc. filed a petition for writ of mandamus, requesting that this court compel the Honorable Robert Shaffer to vacate his August 12, 2016 order granting real parties in interest's motion to compel discovery. The Coleman real parties contend that the discovery that is the subject of this order is no longer being pursued, while relator Michelin seeks an agreement to vacate the order. We have determined that this original proceeding involving the August 12, 2016 order is appropriate for referral to mediation, an alternative dispute resolution process. *See* Tex. Civ. Prac. & Rem. Code §§ 154.021–.073. The court is referring only the subject matter of the petition for writ of mandamus, the August 12, 2016

order, to mediation, not the entire case. The parties' joint objection to mediation is overruled.

Mediation is a forum in which an impartial person, the mediator, facilitates communication between parties to promote reconciliation or settlement. *Id.* § 154.023(a). Any communication relating to the subject matter of the petition for writ of mandamus, the August 12, 2016 order, made by a participant in the mediation proceeding is confidential. *See* Tex. Civ. Prac. & Rem. Code § 154.053. After mediation, the parties shall advise the court whether they settled the subject matter of the original proceeding, the disputed August 12, 2016 order, or whether any further negotiation efforts are planned.

The court **ORDERS** the petition for writ of mandamus **ABATED** for a period of sixty days and refers the original proceeding to mediation. Any party may file a written objection to this order with the clerk of this court within **10 days** of the date of this order. *See* Tex. Civ. Prac. & Rem. Code § 154.022. If this court finds that there is a reasonable basis for the objection, the objection shall be sustained and the original proceeding reinstated on this court's active docket. *See id.*

The court **ORDERS** that the mediation of the subject matter of the petition for writ of mandamus be held within **60 days** of the date of this order. The court **ORDERS** that all parties or their representatives with full settlement authority shall attend the mediation process, with their counsel of record. The court **FURTHER ORDERS** that within **48 hours** of completion of the mediation, the parties shall advise the court in writing whether the parties settled the subject matter of the original proceeding, the August 12, 2016 order.

If mediation fully resolves the issues raised in the petition for writ of mandamus, the court **ORDERS** the parties to file a motion to dismiss the petition for writ of mandamus, other dispositive motion, or a motion for additional time to file the dispositive motion, within **10 days** of the conclusion of the mediation.

2

The original proceeding is **ABATED**, treated as a closed case, and removed from this court's active docket for a period of sixty days. The original proceeding will be reinstated on this court's active docket after sixty days. Any party may file a motion stating grounds for reinstating the original proceeding before the end of the sixty-day period.

Any party may also file a motion to dismiss the petition for writ of mandamus or other dispositive motion at any time. Any party may file a motion to extend the abatement period for completion of mediation or to finalize a settlement of the issues raised in the petition for writ of mandamus concerning the August 12, 2016 order.

PER CURIAM

3

# RULES FOR MEDIATION

i. **Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the disputes, but may not impose his own judgment on the issues for that of the parties.

ii. **Agreement of Parties.** Whenever the parties have agreed to mediation they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement to mediate.

iii. **Consent to Mediator.** The parties consent to the appointment of the individual named as mediator in their case. The Mediator shall act as an advocate for resolution and shall use his best efforts to assist the parties in reaching a mutually acceptable settlement.

iv. **Conditions Precedent to Serving As Mediator.** The mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the Mediator shall disclose any circumstances likely to create a presumption of bias or prevent a prompt meeting with the parties. In the event that the parties disagree as to whether the Mediator shall serve, the Mediator shall not serve.

v. **Authority of the Mediator.** The Mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The Mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the Mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice. Arrangements for obtaining such advice shall be made by the Mediator or the parties, as the Mediator shall determine.

vi. **Commitment to Participate in Good Faith.** While no one is asked to commit to settle their case in advance of mediation, all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

vii. **Parties Responsible for Negotiating Their Own Settlement.** The parties understand that the Mediator will not and cannot impose a settlement in their case and agree that they are responsible for negotiating a settlement acceptable to them. The Mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The Mediator does not warrant or represent that settlement will result from the mediation process.

viii. **Authority of Representatives. PARTY REPRESENTATIVES MUST HAVE AUTHORITY TO SETTLE AND ALL PERSONS NECESSARY TO THE DECISION TO SETTLE SHALL BE PRESENT.** The names and addresses of such persons shall be communicated in writing to all parties and to the Mediator prior to the mediation.

ix. **Time and Place of Mediation.** The Mediator shall fix the time of each mediation session. The mediation shall be held at the office of the Mediator, or at any other convenient location agreeable to the Mediator and the parties, as the Mediator shall determine.

x. **Identification of Matters in Dispute.** Prior to the first scheduled mediation session, each party shall provide the Mediator with confidential information in the form requested by the Mediator setting forth its position with regard to the issues that need to be resolved.

4

At or before the first session, the parties will be expected to produce all information reasonably required for the Mediator to understand the issues presented. The Mediator may require any party to supplement such information.

**xi.**  **Privacy.**  Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the Mediator.

**xii.**  **Confidentiality.**  Confidential information disclosed to a Mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the Mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The Mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum. Any party that violates this agreement shall pay all fees and expenses of the Mediator and other parties, including reasonable attorney's fees incurred in opposing the efforts to compel testimony or records from the Mediator.

The parties shall maintain the confidentiality of the mediation and shall not relay on, or introduce as evidence in any arbitral, judicial, or other proceeding: a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute; b) admissions made by another party in the course of the mediation proceedings; c) proposals made or views expressed by the Mediator; or d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the Mediator.

**xiii.**  **No Stenographic Record.**  There shall be no stenographic record made of the mediation process.

**xiv.**  **No Service of Process at or near the Site of the Mediation Session.**  No subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

**xv.**  **Termination of Mediation.**  The mediation shall be terminated: a) by the execution of a settlement agreement by the parties; b) by declaration of the Mediator to the effect that further efforts at mediation are no longer worthwhile; or c) after the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

**xvi.**  **Exclusion of Liability.**  The Mediator is not a necessary or proper party in judicial proceedings relating to the mediation. Neither Mediator nor any law firm employing Mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these rules.

**xvii.**  **Interpretation and Application of Rules.**  The Mediator shall interpret and apply these rules.

**xviii.**  **Fees and Expenses.**  The Mediator's daily fee shall be agreed upon prior to mediation and shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the Mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the Mediator, shall be borne equally by the parties unless they agree otherwise.

# Fourteenth Court of Appeals



# MEDIATORS REPORT

Date:_____

**Christopher A. Prine, Clerk**
**301 Fannin, Room 245**
**Houston, TX  77002**

 **Re:**    **Appellate number:**    _____

   **Case style:**    _____

   **In compliance with this court's order dated** _____, **I conducted a mediation**

**proceeding in this case on** _____.

   **The mediation [  did  /  did not  ] result in a [  full  /  partial  ] resolution of the matters in dispute.  To my**

**knowledge, further negotiation efforts [ are / are not ] planned.**

   **The parties and mediator have agreed that the mediator shall be paid as follows:**

   $_____    **paid by** _____

   $_____    **paid by** _____

   $_____    **paid by** _____

   $_____    **paid by** _____

   **Mediator:**    _____
   **Address:**    _____
   _____
   _____
   _____
   _____

   _____
   **Telephone**

   _____
   **E-Mail Address**

**Return immediately after mediation to:**
**14th Court of Appeals; 301 Fannin, Room 245, Houston, Texas  77002**
**(713) 274-2800**

6